UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DEMETRIC WHITLOCK #4784444**             **CASE NO.  3:20-CV-00267 SEC P**

**VERSUS**                                 **JUDGE DOUGHTY**

**DARRELL VANNOY**                         **MAG. JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Petitioner Demetric Whitlock, an inmate in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on approximately February 20, 2020. [doc. # 1]. He attacks his two manslaughter convictions and his two consecutive life sentences imposed by the Fourth Judicial District Court, Ouachita Parish.[1] For the following reasons, this petition should be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

### Background

On July 11, 2014, a jury found Petitioner guilty of two counts of manslaughter.[2] [doc. # 1, p. 1]. The trial judge sentenced Petitioner to two consecutive life sentences on July 30, 2015. [doc. #s 1-2, p. 2; 1-3, p. 34]. On February 8, 2016 Petitioner, via counsel, appealed his convictions and sentences to the Louisiana Second Circuit Court of Appeal, claiming: (1) that the trial court erred in removing his counsel of choice based on a perceived conflict of interest; (2)

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] The underlying facts in this case have been set forth by the Louisiana Second Circuit Court of Appeal, *State v. Whitlock*, 50,757 (La. App. 2 Cir. 9/28/16); 207 So. 3d 538, *writ not considered*, 2016-1954 (La. 3/9/18); 225 So. 3d 476. Accordingly, only history relevant to the pending petition is included.

the trial court erred in removing his counsel of choice after he waived the conflict; (3) the prosecutor did not have the authority to "urge a conflict on the part of the defense attorney—such a right exists in favor of the defendant, not the state"; (4) "he was required to waive his motion for speedy trial or proceed without counsel, which violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution"; and (5) the State failed to produce material evidence. *State v. Whitlock*, 207 So. 3d 538 (La. App. 2 2016), *writ not considered*, 225 So. 3d 476 (La. 2017). On September 28, 2016, the Louisiana Second Circuit affirmed Petitioner's convictions and sentences. *Id.; see also* [doc. # 1-2, p.2].

Petitioner appealed to the Louisiana Supreme Court via counsel, Louis Scott. On November 2, 2016, the Supreme Court of Louisiana notified Petitioner that his "pleadings . . . were received and filed" on October 31, 2016, and that the filing was "post marked on" October 29, 2016. [doc. # 1-3, p. 169].[3] On September 15, 2017, the Louisiana Supreme Court declined to consider Petitioner's application because it was "[n]ot timely filed." [doc. # 1-3, p. 170]; *State v. Whitlock*, 225 So. 3d 476 (La. 2017) (*citing* La. S. Ct. R. X, § 5). On September 22, 2017, Petitioner's counsel moved to reconsider the writ application, arguing that the filing was timely. [doc. # 1-3, p. 47]. Petitioner did not apply for certiorari before the United States Supreme Court. [doc. # 1, p. 2].

On October 5, 2017, after Petitioner's counsel had moved to reconsider the writ application in the Supreme Court of Louisiana but before that court had informed Petitioner that

---

[3] Petitioner claimed: (1) the trial court erroneously removed his counsel of choice; (2) the intermediate appellate court erred in drawing conclusions based on the supposed strategy of Petitioner's trial counsel; (3) Petitioner was required to either waive his right to a speedy trial or proceed without counsel; (4) the State suppressed material evidence; and (5) the intermediate appellate court contradicted the Office of Disciplinary Counsel. [doc. # 1-3, p. 175].

the motion remained pending, Petitioner filed an application for post-conviction relief before the trial court without the assistance of counsel. [docs. ## 1-2, pp. 2, 5-6; 1-3, p. 56]. He included a motion to stay the proceeding while the Louisiana Supreme Court considered his motion for reconsideration, attempting to toll the federal statute of limitations. [docs. ## 1-2, pp. 5-6; 1-3, p. 99]. On November 8, 2017, the trial court denied all but one of Petitioner's claims under La. C. Cr. P. art. 930.4(A), reasoning that Petitioner previously raised the claims on direct appeal. [doc. # 1-3, p. 34]. The court denied Petitioner's remaining claim—that his appellate counsel was ineffective in failing to timely seek review before the Louisiana Supreme Court—as premature because Petitioner's motion to reinstate the proceeding before the Louisiana Supreme Court remained pending. [doc. # 1-3, p. 35]. The court also denied Petitioner's motion to stay "on the showing made." [doc. # 1-3, p. 35].

On November 29, 2017, the Louisiana Supreme Court informed Petitioner that his motion to reconsider his writ application was pending and that the court would notify him when it reached a decision. [doc. # 1-3, p. 51]. Petitioner filed an application for supervisory review before the intermediate appellate court on December 14, 2017, seeking review of the trial court's denial of his application for post-conviction relief. [doc. # 1-2, p. 6]. The appellate court denied the application "on the showing made" on February 13, 2018. [doc. # 1-3, p. 39]. On March 9, 2018, the Louisiana Supreme Court denied Petitioner's September 22, 2017 motion for reconsideration. [doc. # 1-3, p. 52]; *State v. Whitlock*, 238 So. 3d 455 (La. 2018). On March 13, 2018, Petitioner filed an Application for Supervisory and/or Remedial Writs before the Louisiana Supreme Court. [doc. # 1-2, p. 6]. The Court denied his application on March 18, 2019, stating that he failed "to satisfy his post-conviction burden of proof." [doc. # 1-3, pp. 54-55]; *State v. Whitlock*, 265 So. 3d 763 (La. 2019).

On March 19, 2018, Petitioner filed a motion before the trial court to "reopen" his initial application for post-conviction relief, which the trial court, in part, had denied as premature due to the then-pending motion for reconsideration before the Louisiana Supreme Court. [doc. # 1-3, p. 112]. On April 24, 2018, the trial court denied the motion without comment. [doc. # 1-3, p. 117]. Petitioner filed a second application for post-conviction relief before the trial court on August 2, 2018. [doc. # 1-2, p. 7]. On November 8, 2018, the trial court denied his claim—that his appellate counsel filed his application for review before the Louisiana Supreme Court too late—on the merits. [doc. # 1-3, p. 165]. The court denied the remaining claims on procedural grounds. [doc. # 1-3, p. 165].

Petitioner filed a writ application before the intermediate appellate court on December 15, 2018. [doc. # 1-2, p. 7]. On April 24, 2019, the court denied the application "on the showing made." [doc. # 1-3, p. 106]. On May 23, 2019, Petitioner filed an application for writ of certiorari before the Louisiana Supreme Court. [doc. # 1-2, p. 7]. On January 22, 2020, the Court denied the application, opining that Petitioner "previously exhausted his right to state collateral review." [doc. # 1-3, p. 185]. Petitioner filed the instant Petition on approximately February 20, 2020. [docs. ## 1, p. 4; 1-2, p. 46]. He claims: (1) his trial counsel failed to consult an expert witness; (2) his trial counsel failed to obtain maintenance records of cell phone towers; (3) trial counsel failed to investigate and challenge the movements of the victim's telephone; (4) his appellate counsel filed an untimely application for supervisory review before the Louisiana Supreme Court, rendering Petitioner unable to claim that he was denied his counsel of choice, that he was denied a speedy trial, that he was deprived of material evidence, that the trial court erroneously admitted a map, and that the evidence introduced at trial was insufficient to support his convictions. [doc. # 1-2].

## Law and Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), there is a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the petitioner's state conviction became final on October 28, 2016, thirty days after the Louisiana Court of Appeals for the Second Circuit affirmed the decision of the trial court.[4] "A state conviction and sentence become final . . . when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Barrientes v. Johnson*, 221 F.3d 741, 763 (5th Cir. 2000)(quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)). Although Petitioner's counsel filed a writ to the Louisiana Supreme Court, he did so after the October 28, 2016 deadline; thus, the time for filing a writ had already elapsed, and the conviction had become final. [doc. # 1-3, p. 169]. Thereafter, Petitioner had one year, until October 28, 2017, to file a writ of habeas corpus in federal court.[5] Petitioner did not file the instant Petition until February

---

[4] The Defendants contend that the conviction became final on October 12, 2016 pursuant to La. C. Cr. P. art. 922, however this is incorrect. The applicable rule states that "[a]n application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal." La. Sup. Ct. R. 10 § 5(a).
[5] It is immaterial that the petitioner also filed a motion to reconsider the denial of his writ application; because his original writ application was not "timely filed," neither the writ application nor the motion to reconsider the untimely writ prevented the one-year statute of limitations from beginning to run. *See, e.g., McGee v. Cain,* 104 Fed. App'x 989 (5th Cir. 2004); *Luttrull v. Vannoy*, No. 1:19-CV-070-P, 2019 WL 3242456, at *2 (W.D. La. June 5, 2019), *report and recommendation adopted*, No. 1:19-CV-070-P, 2019 WL 3242817 (W.D. La. July 17, 2019)(citing *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000); *Jenkins v. Cooper*, 2009 WL 1870874, *5 (E.D. La., June 26, 2009)) ("the filing of an untimely writ application before the Louisiana Supreme Court does not toll the limitations period because it is not 'properly filed.'")

20, 2020. [docs. ## 1, p. 4; 1-2, p. 46]. Therefore, Petitioner's claims are barred by the one-year limitation period unless Petitioner extended the October 28, 2017 deadline through statutory or equitable tolling.

   1. **<u>Statutory Tolling</u>**

The statutory tolling provision relevant to federal habeas petitions provides that"[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998). Furthermore, the limitations period is tolled only while the state application remains pending. *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

The first issue is whether the petitioner's first application for post-conviction relief, filed twenty three days before the October 28, 2017 deadline, statutorily tolled the running of the one-year statute of limitations. This filing likely did toll the statute of limitations. The United States Supreme Court has stated that an application "erroneously accepted by the clerk of a court lacking jurisdiction . . . will be pending, but not properly filed." *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004)(quoting *Artuz v. Bennett*, 531 U.S. 4, 9 (2000)). However, a habeas petition filed in a court that must deny relief on the claims in the application is "properly filed." *Id*. at 893 (quoting *Artuz,* 531 U.S. at 11). Where a court denies relief on claims in an application based on a state procedural bar, the application is nevertheless "properly filed" so long as the state procedural rule does not "purport[] to set forth a condition to filing," and instead sets forth "a condition to obtaining relief." *Artuz,* 531 U.S. at 10-11.

Here, petitioner's motion to reconsider the denial of his writ application was pending[6] before the Louisiana Supreme Court when the petitioner filed his first application for post-conviction relief in the trial court. [docs. ## 1-2, pp. 2, 5-6; 1-3, p. 56]. In the post-conviction relief application, petitioner raised the claim that his counsel filed the writ application to the Louisiana Supreme Court too late and therefore the Court would not accept his filing. [doc. # 1-3, p. 35]. Under La. C. Cr. P. art. 924.1, "[a]n application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending." La. C. Cr. P. art. 924.1; *see also Boyd v. State*, 2020-00503 (La. 9/23/20). Therefore, the trial court denied this claim in the application for post-conviction relief as premature because an appeal to the Louisiana Supreme Court concerning the same issue was pending. Under La. C. Cr. P. art. 390.4(A), "[u]nless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered." La. C. Cr. P. art. 930.4. Thus, the trial court denied the remaining claims in the first petition for post-conviction relief because they had already been raised on direct appeal. [doc. # 1-3, p. 34].

Both La. C. Cr. P. arts. 924.1 and 930.4(A) are procedural bars to Petitioner obtaining relief, but "[n]either provision purports to set forth a condition to filing, as opposed to a condition to obtaining relief." *Artuz*, 531 U.S. at 10–11. The trial court denied relief on the claims in the application based on a procedural bar rather than on a filing condition. Consequently, the purported failure of Petitioner's application to comply with La. C. Cr. P. arts. 924.1 and 930.4(A) does not render it "[im]properly filed" for purposes of statutory tolling. *Id.*

---

[6] Although the motion to reconsider was pending, the motion itself did not interrupt the statute of limitations because the underlying writ was not timely filed.

Petitioner complied with the filing requirements by timely filing his first application for post-conviction relief, so the one-year statute of limitations was statutorily tolled.

However, despite the fact that petitioner's first application for post-conviction relief tolled the statute of limitations, his filing of this federal habeas petition is still untimely. Petitioner had twenty three days from January 22, 2020, the date of final denial by the Louisiana Supreme Court of his second application for post-conviction relief, during which he could have timely filed a federal habeas proceeding—that is, until February 11, 2020. [7] Petitioner did not file this proceeding until February 20, 2020. [docs. ## 1, p. 4; 1-2, p. 46]. Thus, the Petitioner's federal habeas proceeding was untimely despite the statutory tolling that resulted from his first application for post-conviction relief.

2. **Equitable Tolling**

The final issue is whether Petitioner is entitled to equitable tolling of the statute of limitations. The one-year federal limitations period for federal habeas corpus proceedings "is subject to equitable tolling only 'in rare and exceptional circumstances.'" *Coker v. Quarterman*, 270 F. App'x 305, 308 (5th Cir. 2008)(quoting *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000)). Furthermore, Petitioner must show that he "diligently pursued" habeas relief to qualify for equitable tolling. *See, e.g., Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013);

---

[7] There was a three-month gap between the Louisiana Supreme Court's denial of Petitioner's motion to reopen the first application for post-conviction relief on April 24, 2018 and Petitioner's filing of his second application for post-conviction relief. [docs. ## 1-3, p. 117; 1-2, p. 7]. The Court assumes, without deciding, that any statutory tolling effective from the filing of the first application for post-conviction relief continued during this three-month period. However, if it did not then, *a fortiori,* the instant petition is still time barred because the deadline to file would have been twenty three days after the Louisiana Supreme Court's final denial of the first application for post-conviction relief on May 17, 2018. Petitioner did not file the instant petition until February 20, 2020. [doc. # 1, p. 4].

*Manning v. Epps*, 688 F.3d 177, 183 (5th Cir.2012), *cert denied*, 133 S. Ct. 1633 (2013); *Holland v. Florida*, 560 U.S. 631, 648 (2010). Here, Petitioner has not presented "rare and exceptional circumstances" nor has he "diligently pursued" federal habeas relief such that equitable tolling would be justified.

Petitioner's counsel's late filing of his writ to the Louisiana Supreme Court does not constitute an exceptional circumstance warranting equitable tolling. A petitioner has a right to effective assistance of counsel only at trial and for all direct appeals the state grants as a matter of right. *Evitts v. Lucey*, 469 U.S. 387 (1985). There is no constitutional right to counsel on discretionary appeals. *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987). In Louisiana, a petitioner only has a right to counsel on direct appeal to the intermediate courts of appeal because writs to the Louisiana Supreme Court are discretionary. *See United States v. Laday*, No. CR 6:09-00064, 2016 WL 9526450, at *1 (W.D. La. Sept. 29, 2016)(citing *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995))("It is well settled that a criminal defendant has no constitutional right to counsel beyond his first appeal, or to counsel in habeas or other collateral proceedings.")

When there is no right to counsel in a proceeding, the statute of limitations is equitably tolled only if attorney's conduct amounted to extraordinary circumstances; ordinary attorney negligence does not amount to extraordinary circumstances. *Holland v. Florida*, 560 U.S. 631, 651-52 (2010)(quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)) ("'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.") The United States Court of Appeals for the Fifth Circuit has routinely held that "neither 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling." *Johnson v.*

*Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007)(quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). Accordingly, attorney miscalculation or late filing does not warrant equitable tolling of the one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment, particularly in the postconviction context where prisoners have no constitutional right to counsel. *See Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002)(mere attorney error or neglect is not an extraordinary circumstance justifying equitable tolling); *Johnson*, 483 F.3d at 286 (attorney filing a federal habeas petition a few days late is not an extraordinary circumstance justifying equitable tolling).

Here, Petitioner's attorney filing a writ to the Louisiana Supreme Court a few days late is ordinary, "garden variety" negligence; it is not an "extraordinary circumstance" warranting equitable tolling.

Furthermore, Petitioner also may not have exercised reasonable diligence in pursuing his federal habeas claim. Petitioner filed his federal habeas petition within 30 days of the Louisiana Supreme Court's denial of his second state post-conviction relief petition, but did so one year after his AEDPA limitation period expired. [docs. ## 1, p. 4; 1-2, p. 46]. Here, Petitioner could have prevented its expiration by timely filing a "protective" federal habeas petition. The United States Court of Appeal for the Fifth Circuit has held that the failure to file a protective habeas petition weighs against finding that a petitioner diligently pursued his federal habeas claim, even where the petitioner diligently pursued state habeas claims. *See Palacios*, 723 F.3d at 607-08. However, the failure to file a protective petition is not dispositive. *Id.*

Ultimately, because Petitioner has not presented any "rare and exceptional circumstance" he is not entitled to equitable tolling, regardless of whether he diligently pursued his federal habeas application.

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner Demetric Whitlock's Petition for Writ of Habeas Corpus, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

**By this Report and Recommendation, the Court notifies Petitioner that his claims are subject to dismissal as untimely under the one-year period of limitation and that the undersigned is recommending dismissal without ordering an answer.  <u>Petitioner may raise any arguments, or present any evidence, against dismissal during the fourteen-day objection period described below</u>.**[8]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before the Judge makes a final ruling.

---

[8] *See Lewis v. Cockrell*, 33 F. App'x 704 (5th Cir. 2002) ("When a federal district court applies the limitations period sua sponte, it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense.").

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE**.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE in Chambers on this 23rd day of October, 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE